# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| LATRINA WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>PROFESSIONAL PLACEMENT SERVICES, LLC,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:17-cv-00277<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes LATRINA WASHINGTON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PROFESSIONAL PLACEMENT SERVICES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

**PARTIES**

4. Plaintiff is a 38 year old person residing at 1200 Singer Circle, Apartment 84, Milwaukee, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

7. Plaintiff is a "customer" as defined by §421.301(17) of the WCA.

8. Defendant is a national licensed collection agency that prides itself on increasing its clients' bottom line, stating on its website, "This Means No Collection, No Charge!"[1] With its principal place of business located at 272 North 12th Street, Milwaukee, Wisconsin, Defendant regularly collects upon consumers in Wisconsin.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA and §427.103(3) of the WCA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant has been a member of ACA International, an association of credit and collection professionals, since 2000.[2]

10. Defendant is a "person" as defined by 47 U.S.C. §153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] http://paypps.com/
[2] http://www.acainternational.org/search#memberdirectory

## FACTS SUPPORTING CAUSES OF ACTION

12. In approximately March of 2016, Plaintiff began receiving phone calls from Defendant to her cellular phone, (414) XXX-2198. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2198. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant has used a variety of phone numbers when calling Plaintiff's cellular phone, including but not limited to: (262) 584-4514, (414) 224-3580, and (855) 993-8885. *See* Exhibit A.

15. Upon information and belief, the aforementioned phone numbers are all utilized by Defendant during its debt collection activity.

16. Upon answering calls from Defendant, Plaintiff typically experiences a pre-recorded message, instructing her to "press 1 to speak with a representative." *Id.*

17. After following the prompts, Plaintiff is then connected to one of Defendant's live representatives. *Id.*

18. Upon speaking with Defendant, it informs Plaintiff that it is acting as a debt collector and is attempting to collect upon an outstanding debt. *Id.*

19. When Plaintiff has asked Defendant to provide her with some details regarding the alleged debt, it informs her that it needs her social security number before it could supply her with any information. *Id.*

20. Feeling uneasy about supplying her personal information to an unknown company, Plaintiff told Defendant to stop calling her. *Id.*

3

21. Despite her demands, Defendant has continued to regularly call Plaintiff's cellular phone up until the present day. *Id.*

22. Defendant has called Plaintiff's cellular phone multiple times in the same day.

23. For instance, on April 21, 2016, Defendant called Plaintiff's cellular phone not less than three times in one hour, using two different phone numbers.

24. Plaintiff has told Defendant to stop calling her cellular phone on multiple occasions. *Id.*

25. Defendant has called Plaintiff's cellular phone not less than 20 times without her permission. *Id.*

26. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

27. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $68.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss. *Id.*

28. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least three times in one hour, using two different phone numbers. This repeated behavior of systematically calling Plaintiff's phone over and over after she demanded that it cease contacting her was harassing and abusive. Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff.

33. Furthermore, Defendant relentlessly called Plaintiff at least 20 times after being told to stop calling. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of the FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

5

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Despite being told to stop calling, Defendant continued to relentlessly contact Plaintiff over 20 times. Instead of ceasing this behavior, Defendant continued to systematically place calls to Plaintiff's cellular phone using a wide-array of phone numbers and area codes, in a deceptive attempt to force her to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

    c. **Violations of FDCPA § 1692f**

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff even after she notified it to stop contacting her. Defendant also used different phone numbers and area codes when it called Plaintiff's cellular phone. Attempting to coerce Plaintiff into payment by placing voluminous phone calls using different numbers after being notified to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

40. As pled in paragraphs 25 through 29, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LATRINA WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The pre-recorded message and the commands that Plaintiff experienced upon answering Defendant's phone calls are instructive that an ATDS was being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

44. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to be contacted by Defendant using an ATDS was explicitly revoked upon her demands to cease contact.

45. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

46. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff

7

for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Defendant received multiple prompts to cease calling, but it defied those demands and continued to harass Plaintiff.

WHEREFORE, Plaintiff, LATRINA WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."  Wis. Stat. §427.104(1)(h)

49. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff.  It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after she notified it to stop calling her.  Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular phone without her consent.  Following its characteristic

behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

50. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Defendant called Plaintiff at least three times in one hour using different phone numbers. Placing several calls in a short amount of time is extremely harassing behavior, especially after being told by Plaintiff that she does not wish to be contacted.

51. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

52. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

53. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after she told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so. As an experienced debt collector, Defendant should have known that it did not have the right to continue harassing Plaintiff with collection phone calls. Yet, based off of Defendant's motto, "No Collection, No Charge!" it is clear that it will do anything in its power to collect upon a debt, even if it means harassing consumers.

54. As pled in paragraphs 25 through 29, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices, including costs associated with purchasing and maintaining a blocking application subscription. As such, Plaintiff is entitled to relief pursuant to §427.105

9

55. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting her, but yet, she was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff at least twenty times using different phone numbers, and even called multiple times during the same day. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission. After Plaintiff told it to stop calling, Defendant had more than enough information to know that it should not continue calling her phone number. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, LATRINA WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 27, 2017                                  Respectfully submitted,

                                                          s/ Nathan C. Volheim
                                                          Nathan C. Volheim, Esq. #6302103
                                                          Admitted in the Eastern District of Wisconsin
                                                          Sulaiman Law Group, Ltd.
                                                          900 Jorie Boulevard, Suite 150
                                                          Oak Brook, Illinois 60523
                                                          (630) 575-8181 x113 (phone)
                                                          (630) 575-8188 (fax)
                                                          nvolheim@sulaimanlaw.com